In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00605-CV
_____

IN RE COMMITMENT OF BEN B. MCCLELLAN

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-03-03157 CV
_____

**MEMORANDUM OPINION**

Ben B. McClellan challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013) (the SVP statute). McClellan raises four issues in his appeal, challenging the facial constitutionality of the SVP statute, the trial court's failure to strike the testimony of an expert witness, and the legal and factual sufficiency of the evidence supporting the jury's verdict. We conclude that McClellan's issues do not present reversible error, and we affirm the trial court's judgment.

1

## Constitutional Challenge

In issue one, McClellan contends the SVP statute, as interpreted by the Texas Supreme Court in *In re Commitment of Bohannan*, is facially unconstitutional and violates the due process clause of the Fourteenth Amendment. 388 S.W.3d 296, 302-03 (Tex. 2012), *cert. denied*, 133 S. Ct. 2746 (2013). McClellan concedes this Court rejected this claim in another civil commitment appeal. *See In re Commitment of Anderson*, 392 S.W.3d 878, 885-86 (Tex. App.—Beaumont 2013, pet. denied). McClellan provides no argument or persuasive authority for our consideration, but presents the claim "for the purpose of preserving it for review by a higher court." We overrule issue one.

## Reliability of Expert Witness Testimony

In issue two, McClellan argues that the opinion testimony of Dr. Lisa K. Clayton, the State's expert witness, was unreliable because it "showed her opinion was baseless, or in the very least, significantly flawed, in that she could produce no evidence her opinion was correct or founded upon acceptable standards or methodology." McClellan filed a pre-trial objection to the expert testimony of Dr. Clayton, a psychiatrist. In his pre-trial objection, McClellan argued that Dr. Clayton's testimony "is not reliable because there is no statutory criteria requiring specific methodology be used. The psychiatrist/clinicians rely on a hunch they

2

refer to as 'clinical judgment' that has no established predictive accuracy. Thus, all conclusions by the expert are unreliable." The trial court overruled McClellan's written pre-trial objections before the State commenced its case-in-chief. After Dr. Clayton testified, McClellan moved to strike her testimony, in part because Dr. Clayton was "providing unreliable information[.]"

McClellan argues Dr. Clayton's opinion is unreliable because she did not score any actuarial instruments in this case, but Dr. Clayton explained that actuarials are more within the purview of psychologists rather than forensic psychiatrists, such as herself. Also, McClellan argues that Dr. Clayton's opinion is unreliable because she did not independently verify the psychologist's actuarials in this case, but Dr. Clayton explained that she does not conduct an independent verification of the records because forensic psychiatrists are trained to look at records, and they are taught to assess and trust the validity of reasonable records. McClellan has not shown that Dr. Clayton's expert opinion as a psychiatrist is unreliable because she considered the psychologist's actuarial instruments.[1] McClellan further argues Dr. Clayton's evaluation and opinion were unreliable because they were not sufficiently tied to objective, peer-reviewed, reliable, and replicable scientific methods, studies, and research. In support of this argument,

---

[1] McClellan does not argue the psychologist scored the actuarial instruments incorrectly.

3

McClellan points to Dr. Clayton's inability at trial to identify any literature regarding denial as a factor in sex offender treatment, to cite to or describe any actuarials or other methods used to measure empathy or denial, and to explain whether the methodology she employed required a determination of rate of error.

However, when asked to describe her methodology, Dr. Clayton stated she receives background information, including information about the offender's sexual and other criminal history, behavior in prison, education, and therapy. In addition to reading the police reports, witness statements, and prison records, Dr. Clayton reviews the multidisciplinary team's report and the evaluation prepared by a psychologist. After reviewing the information, she performs a face-to-face forensic psychiatric clinical interview with the offender, and obtains the offender's view of his history and experiences. She performs a mental status examination of the offender to assess how the offender thinks and responds to stimuli. Dr. Clayton stated that this same methodology is followed by both State and defense experts in Texas and elsewhere in the United States. Dr. Clayton followed this methodology in McClellan's case.

Based on her education, training, experience, and methodology, Dr. Clayton formed an opinion that McClellan suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. She stated that

4

the DSM-IV-TR[2] diagnostic criteria for pedophilia includes: (1) recurrent, intense, sexually-arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child over a period of at least six months; (2) the person has acted on these sexual urges or they caused marked distress or interpersonal difficulty; and (3) the person is at least sixteen years of age and older than, but not close in age to, the child. As significant factors that formed the basis of the diagnosis of pedophilia in McClellan's case, Dr. Clayton identified McClellan's offenses against two female victims under the age of seven, including an offense in 1986 when at twenty-one years of age McClellan digitally penetrated the genitals of a four-year-old. While McClellan confessed to the incident before he was convicted, McClellan denied having committed the offense during his interview with Dr. Clayton. The other offense occurred in 1997, when, at thirty-three years of age and while on mandatory supervision, McClellan on several occasions digitally penetrated the genitals of a six-year-old non-relative living in the same household. Again, McClellan gave a contemporaneous confession, but denied the offense in his interview with Dr. Clayton.

Dr. Clayton explained that not all pedophiles have a behavioral abnormality that makes them likely to reoffend, but in her opinion McClellan meets the criteria

---

[2] American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 572 (Text Revision, 4th ed. 2000) (DSM-IV-TR).

because although he had received sex offender treatment, he still refused to admit that he assaulted the children and that he had inappropriate deviant desires for children. She also diagnosed McClellan with personality disorder NOS with antisocial personality traits,[3] which, she testified, means: (1) that numerous times after reaching adulthood the person exhibits breaking the law, conning and manipulating others; and (2) there is evidence of these behaviors before age thirteen. That disorder related to his behavioral abnormality in that even after receiving sex offender treatment, McClellan continued to deny and expressed no guilt regarding his criminal behavior.

Dr. Clayton employed a methodology held to be reliable in other civil commitment cases tried under the SVP statute. *See In re Commitment of Moss*, No. 09-12-00599-CV, 2014 WL 580694, at **1-2 (Tex. App.—Beaumont Feb. 13, 2014, pet. denied) (mem. op.); *In re Commitment of Polk*, No. 09-10-00127-CV, 2011 WL 662928, at *8 (Tex. App.—Beaumont Feb. 24, 2011, pet. denied) (mem. op.); *In re Commitment of Gollihar*, 224 S.W.3d 843, 853 (Tex. App.—Beaumont 2007, no pet.). The record demonstrates that Dr. Clayton presented a professional opinion that represents "a reasoned judgment based upon established research and techniques for [her] profession and not the mere *ipse dixit* of a credentialed

---

[3] *See* DSM-IV-TR at 701-06.

witness." *See In re Commitment of Day*, 342 S.W.3d 193, 206 (Tex. App.—Beaumont 2011, pet. denied). The trial court could have determined that Dr. Clayton's inability to cite actuarials used to measure empathy or denial or specific literature on rate of error went to the weight of Dr. Clayton's testimony, rather than to its admissibility. *See In re Commitment of Hill*, No. 09-11-00593-CV, 2013 WL 772834, at *7 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.). The trial court did not abuse its discretion in denying McClellan's motion to strike Dr. Clayton's testimony. *See In re Commitment of Cox*, No. 09-13-00316-CV, 2014 WL 1400667, at *3 (Tex. App.—Beaumont Apr. 10, 2014, no pet. h.) (mem. op); *In re Commitment of Mitchell*, No. 09-12-00607-CV, 2013 WL 5658425, at *2 (Tex. App.—Beaumont Oct. 17, 2013, pet. denied) (mem. op.). We overrule issue two.

**Sufficiency of the Evidence**

McClellan's third and fourth issues challenge the legal and factual sufficiency of the evidence to support the jury's verdict that McClellan is a sexually violent predator. In reviewing the evidence of legal sufficiency, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for civil commitment. *In re Commitment of Mullens*, 92 S.W.3d 881, 885

7

(Tex. App.—Beaumont 2002, pet. denied). In reviewing evidence for factual sufficiency, we weigh the evidence to determine whether a verdict supported by legally sufficient evidence nevertheless reflects a risk of injustice so great that we are compelled to grant a new trial. *Day*, 342 S.W.3d at 213.

McClellan argues the evidence is insufficient because Dr. Clayton's testimony was unreliable. Because the record shows the trial court did not abuse its discretion in refusing to strike Dr. Clayton's testimony, the jury could consider her opinions in reaching a verdict. *Moss*, 2014 WL 580694, at *3; *In re Commitment of Zamora*, No. 09-06-504 CV, 2007 WL 2127080, at *4 (Tex. App.—Beaumont July 26, 2007, no pet.) (mem. op.). As the sole judge of the credibility of the witnesses and the weight to be given their testimony, the jury could resolve conflicts and contradictions in the evidence by believing all, part, or none of the witnesses' testimony. *Mullens*, 92 S.W.3d at 887. Dr. Clayton relied on McClellan's 1986 and 1997 sexually violent offenses which resulted in imprisonment, and on McClellan's criminal history which began when he was in his mid-teens, to diagnose McClellan with pedophilia nonexclusive type and personality disorder NOS with antisocial personality traits.

According to Dr. Clayton, even with extensive sex offender treatment, it is very difficult for pedophiles to control their acting-out sexual behavior because the

8

sexual object does not go away. During his interview McClellan referred to his victims as "little angels." Dr. Clayton noted that McClellan's mood and facial expression indicated some presence of sexual attraction to prepubescent females when he recalled his victims and when he stated that all girls are little angels. Dr. Clayton indicated that McClellan's denial of responsibility for his sexually violent offenses and his lack of remorse prevented McClellan from progressing beyond the first step in treatment. When the evidence is viewed in the light most favorable to the verdict, the jury could rationally find beyond a reasonable doubt that McClellan is a sexually violent predator.

McClellan argues Dr. Clayton's opinion testimony is factually insufficient evidence because she did not utilize objective actuarial and medical tests in her evaluation, which McClellan argues is based entirely on Dr. Clayton's clinical judgment. Dr. Clayton stated that she reviewed the records and evaluations in the multidisciplinary team packet, including the notes of McClellan's current sex offender treatment provider. She reviewed two different Static-99 tests, a MnSOST, a Psychopathy Checklist Revised, and a personality test. We conclude that Dr. Clayton utilized objective information in forming her opinion, and the jury could reasonably give weight to her opinions in reaching a verdict. On this record, the evidence is legally sufficient and does not reflect a risk of injustice that would

9

compel ordering a new trial. *Day*, 342 S.W.3d at 213. We hold the evidence is legally and factually sufficient and overrule issues three and four.

Having overruled all issues on appeal, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 2, 2013
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.